## STATE v. COFIELD.

1. The provision in section 1731, General Statutes, declaring the sale of spirituous or intoxicating liquors without a license to be unlawful, applies to the incorporated cities, towns, and villages of this state as well as to the country.

2. No act is criminal unless inhibited by law or declared to be unlawful, and all penal statutes must be strictly construed; but where the selling of liquor without license is clearly prohibited under penalties, the context, the surroundings, and the evil intended to be remedied may be considered for the purpose of ascertaining the territorial limits intended to be affected.

Before ALDRICH, J., Union, June, 1884.

The opinion fully states the case.

*Mr. I. G. McKissick,* for appellant.

*Mr. Solicitor Duncan,* contra.

March 5, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant, Jack Cofield, was convicted at June term of the Court of General Sessions for Union County of retailing intoxicating liquors within the corporate limits of the town of Union without a license. He has appealed on the ground that the presiding judge charged the jury that it was unlawful to sell intoxicating liquors inside of incorporate towns.

The state relies on section 1731 of General Statutes. That section is as follows: "No license for the sale of spirituous or intoxicating liquors shall be granted in South Carolina outside of the incorporated cities, towns, and villages of this state, and it shall be unlawful for any person or persons to sell such liquors without a license." The appellant contends that when this section is construed under the rules applicable to the construction of criminal statutes it makes the sale of such liquors without a license unlawful outside of incorporate towns and cities only, and that there is no law forbidding such sale without a license within the limits of incorporate towns and cities, the offence of which he was convicted.

The question is new and is by no means free from doubt, when looking alone to the language of the act. It may be stated as a proposition which has no exception that no act can be said to be criminal unless some law of force, either written or unwritten, common or statute, has either inhibited it in terms or declared it unlawful. Has the section in question declared the sale of intoxicating liquors inside of incorporate towns without a license unlawful? The section has two parts. The first provides that no license shall be granted outside of such towns. This is a limitation upon the powers of the officials invested with the authority to grant licenses. The second declares it to be unlawful to retail spirituous liquors without a license. If these two parts stood separate and apart from each other, and in different sections, there would be no doubt in reference to the construction because, being independent enactments, each would have general application. But being in the same section, and constituting the entire section, the latter following the first, and separated therefrom only by a semicolon, there is some reason for saying that they refer to

one and the same subject matter, *i. e.*, the retail of such liquors outside of said towns and villages; the one declaring that no license shall be granted within a certain boundary and the other that to sell therein, notwithstanding no license can be granted, shall be unlawful.

The object of construction is to reach the intent of the matter under consideration whether it be an act of the general assembly, a deed, contract, or other paper, and the same rules apply, except, as we are admonished, in criminal laws the rules must be strictly applied and the law strictly construed. In such laws there is no room for an enlarged or liberal interpretation under the influences of what is termed the spirit or intendment of the law as in civil matters; on the contrary, the letter must govern.

Now the difficulty here, though it is a criminal act under consideration, does not arise from any doubtful signification of the words of the act; they are plain and simple and do not require any liberal or enlarged interpretation to ascertain their meaning. "It shall be unlawful to sell spirituous liquors without a license." Nothing could be plainer than this, each word used for a well defined meaning, and he "that runs may read," &c., &c. But the matter in doubt is the territorial limit within which this unlawful sale is prohibited. How far does it extend? Does it extend simply to the country outside of the towns, or does it embrace the whole state including the towns? The rule requiring a strict and literal interpretation of the words used so as to ascertain the offence does not aid us nor hamper us here, but we may look at the context, the surroundings, the evil intended to be remedied, and the end to be accomplished, and we may advance the remedy to meet the evil.

Now when we look at the two following sections of this act, sections 1732 and 1733, in connection with 1731, we find the general assembly legislating to suppress the sale of spirituous liquors without license, and to this end section 1731 first provides that no license shall be granted outside of the incorporated towns and villages. Then sections 1732 and 1733 provide a mode of granting licenses in said towns and villages, and the latter part of section 1731 declares generally that it shall be unlawful for any person to sell without a license so to do. This could not

have been intended to apply to the outside territory alone for the reason, first, the evil intended to be remedied went much further than this territory; and, secondly, if this had been the purpose, there would have been no necessity or propriety in using the words "without a license," as any sale within such territory would of necessity have been without a license, the first part of the section having already provided that no license should or could be granted therein.

But sections 1732 and 1733, providing a mode of obtaining licenses in incorporate towns and villages, and thereby legalizing sales made therein with license, there was great propriety in using the words "without a license" in the portion of the act which pointed to the sale as unlawful and criminal whether inside or outside of the towns, the illegality being the fact of no license and not the place where the sale took place. So that construing the whole act together, not with reference to the offence denounced, for that is plain enough, *i. e.*, "selling without license," but the territory within which it was to be of force, we must conclude that it was to have general application.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.